# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| v. | Civil Action No.:  5:20-CV-0640 (FJS/TWD) |
| $8,300 in United States Currency, | |
| Defendant. | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this verified complaint for forfeiture *in rem* against

the above-captioned asset (the "defendant currency") and alleges as follows:

### NATURE OF THE ACTION

This is an action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6) and Rule G of the

Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.

Forfeiture is sought of the defendant currency as money furnished or intended to be furnished in

exchange for a controlled substance, proceeds traceable to such an exchange, or money used or

intended to be used to facilitate a violation of 21 U.S.C. § 841.

### THE PARTIES

1.     Plaintiff is the United States of America.

2.     The defendant currency, $8,300, is in the custody of the United States.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1345 and 1355.

4.      This Court has *in rem* jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395.

## FACTS

6.      Jason Reed ("Reed") is a convicted felon and a member of the Syracuse "Uptown" gang.

7.      On February 26, 2009, Reed was convicted in Federal Court of Possession with Intent to Distribute and Conspiracy with Intent to Distribute more than 46.5 grams of Cocaine Base (*U.S. v Reed*, et al., 2008-CR-298).  He was initially sentenced to 96 months in Federal prison.

8.      On February 23, 2010, Reed's sentence was reduced from 96 months to 84 months imprisonment.  On September 22, 2014, he was released to a four-year term of supervised release under Federal Probation.

9.      Reed repeatedly violated the terms of his Probation, including failing to report for drug testing multiple times.

10.      Reed was shot and stabbed by rival gang members in two separate incidents.

11.      On December 15, 2016, Probation and the government requested and were granted a modification of Reed's supervised release, to include a curfew with electronic ankle monitoring.

12.      Over the course of the next year, Reed again repeatedly violated the terms of his Probation, including failing to report to his Probation Officer on multiple occasions, making false statements to his Probation Officer, and failing to report numerous arrests and encounters with local law enforcement to his Probation Officer.

13.       On March 9, 2018, a Court-ordered warrant was requested and issued.  That same day, Probation Officers, along with local law enforcement, conducted a search of Reed's residence

and found cocaine residue, drug packaging materials, and a digital scale.  In connection with

violating his Probation, Reed was sentenced to 12 months imprisonment beginning in May 2018.

14.     On March 6, 2019, Reed was released to 24 months of supervised release under

Federal Probation.

15.     In October 2019, a confidential informant notified the Syracuse Police Department

("SPD") that Reed had resumed selling cocaine.   Law enforcement began surveillance of Reed.

16.     In late 2019 and early 2020, law enforcement conducted several controlled buys of

cocaine from Reed.

17.     On January 28, 2020, SPD applied for and was granted state search warrants for

Reed's person, two residences frequented by Reed, and two vehicles associated with Reed.

18.     On January 29, 2020, at approximately 9:00 a.m., officers from SPD and agents

from the Drug Enforcement Administration ("DEA") simultaneously executed the warrant.

## 101 MELROSE AVENUE, SYRACUSE, NEW YORK

19.      101 Melrose Avenue was frequented by Reed for the purposes of retrieving cocaine

for sale and stashing cash.

20.     101 Melrose Avenue has its utilities listed in the name of "Todd D. Reed," Jason

Reed's father.  Todd D. Reed was present at the time of the search.

21.     Todd D. Reed told law enforcement that while his son did not live in the residence,

Reed kept some personal items in the front bedroom of the residence, including clothing, shoes,

toiletries, and personal papers, and that Reed had his own key to the residence.

22.     During the search of 101 Melrose Avenue, law enforcement located the following:

a.  Baking soda,[1] plastic sandwich bags,[2] a spoon, rubber gloves, and a working taser in the front bedroom dresser drawer;

b.  Personal papers and multiple pairs of shoes in the front bedroom closet;

c.  Multiple cell phones in various rooms of the home that did not belong to Todd D. Reed;

d.  A plastic bag containing 36 grams of cocaine and two digital scales, positive for cocaine, hidden in the pocket of a jacket in the front bedroom closet; and

e.  A loaded Tauras 9mm handgun[3], wrapped in a washcloth[4] and stuffed in the basement duct work.

23.     In an affidavit, Todd D. Reed stated that the drugs and gun found during the search did not belong to him, the jacket where the cocaine was found belonged to his son, and he did not know that any of the located items were in his home.

24.     The total amount of cocaine seized from the residence was approximately 36 grams.

## 938 WADSWORTH STREET, SYRACUSE, NEW YORK

25.     938 Wadsworth Street was frequented by Reed for the purpose of retrieving cocaine for sale and stashing cash.

---

[1] Frequently used as a "cutting agent" for cocaine.
[2] Known by law enforcement to be used for drug packaging.
[3] A gun trace revealed the gun was stolen.
[4] An identical color and brand of hand towel was found in the search of 938 Wadsworth Street.

26.     Prior to executing the warrant, law enforcement observed the two target vehicles of the automobile search warrant, a 2008 silver Acura and a 2015 red Chevrolet Traverse, parked in the driveway of the residence.

27.     Shortly thereafter, Reed exited the home at the same time as his live-in girlfriend, Anastasia Shaffer ("Shaffer").  Reed pulled out of the driveway in the Acura while Shaffer left simultaneously in the Traverse.

28.     Law enforcement stopped and seized both the Acura and the Traverse.  Neither Reed nor Shaffer were responsive to questioning, and both were transported back to the residence.

29.      During the search of 938 Wadsworth Street, law enforcement located the following:

   a.  A black women's purse containing a small, knotted section of plastic with 0.9 grams of cocaine, two digital scales with cocaine residue, a small Tupperware container with cocaine residue, and a grinder located in the drawer of a plastic shelving unit in the master bedroom;

   b.  A bottle of Benzocaine on the floor of the master bedroom;[5]

   c.  A black drill box containing a knotted plastic bag with 1.4 ounces of cocaine on a basement shelf;

   d.  A black box containing a knotted plastic bag with 1.1 ounces of cocaine, along with a grey scale with cocaine residue, on a basement shelf;

_____

[5] Frequently used as a "cutting agent" for cocaine.

e.  A container of Creatine powder in the basement;[6]

f.  A metal sifter with cocaine residue in the upstairs hall closet;

g.  A loaded Glock 23 9mm semi-automatic handgun with defaced serial number on the top of an HVAC duct in the basement;[7]

h.  Personal mail for both Reed and Shaffer; and

i.  Two rubber-band bound stacks of U.S. currency totaling $8,300 in denominations of $100s, $50s and $20s ("the defendant currency"), hidden deep in the basement rafters.

30.     The total amount of cocaine seized from the residence was approximately 3 grams.

31.     Reed and Shaffer were arrested and charged with Criminal Possession of a Controlled Substance, Third Degree, and Criminal Possession of a Weapon, Second Degree.

32.     Jason Reed is currently incarcerated and awaiting disposition on both state and federal charges.

33.     Anastasia Shaffer is currently awaiting disposition on state charges.

34.     During the time Reed was under the supervision of his parole officer, he never reported any employment or any other sources of legitimate income, other than an approximate two-month stint as a window washer.

35.     On March 20, 2020, Shaffer filed a claim to the defendant currency with DEA.  She claimed, under penalty of perjury, that "the money that was taken from my house was money that I have been saving up for the last 4 years for home improvement projects [and] saved from previous IRS tax returns and from my job that I have been working for the last 7 ½ years."

---

[6] Frequently used as a "cutting agent" for cocaine.
[7] Neither Reed nor Shaffer held a valid pistol permit.

**CONCLUSION**

36.     The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.  Specifically, probable cause exists to believe that the defendant currency constitutes: (a) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (b) proceeds traceable to such an exchange; or (c) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, the United States of America, respectfully requests that the Court:

(1)     Issue a Warrant of Arrest *In Rem*, in the form submitted with this Complaint;

(2)     Direct any person having any claim to the defendant currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3)     Enter judgment declaring the defendant currency to be forfeited and condemned to the use and benefit of the United States; and

(4)     Award such other and further relief to the United States as it deems proper and just.


Respectfully submitted,

Dated:  June 9, 2020                                          GRANT C. JAQUITH
                                                              United States Attorney


                                                By:     */s/ Mary E. Langan*
                                                        Mary E. Langan
                                                        Assistant United States Attorney
                                                        Bar Roll No. 518971

VERIFICATION

STATE OF NEW YORK      )
                             )  ss:
COUNTY OF ONONDAGA   )

Greg Staub, being duly sworn, deposes and states:

I am a Detective with the Syracuse Police Department.  I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 8th day of June, 2020.

_____
Greg Staub
Detective, Syracuse Police Department

Sworn to and subscribed before me this _8th_ day of June, 2020.

_____
Sarah J Terrell
Notary Public

SARAH J. TERRELL
Notary Public – State of New York
Qual. in Onondaga Co. No. 01TE6170177
My Commission Expires July 2, 2023

✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

$8,300 in United States Currency,

**(b)** County of Residence of First Listed Plaintiff   Onondaga
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Onondaga
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary E. Langan, Assistant U.S. Attorney (315) 448-0650
United States Attorney's Office, 100 South Clinton Street
Syracuse, New York 13261

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☒ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability    ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability    ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations    ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment    ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities -    ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | Other | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration | | |
| | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
21USC 881(a)(6)

Brief description of cause:
Drug proceeds/facilitation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE   Senior Judge Frederick J. Scullin, Jr.

DOCKET NUMBER   2008-CR-298

DATE
06/09/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Mary E. Langan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT   Waived   APPLYING IFP _____   JUDGE   FJS   MAG. JUDGE   TWD

[ Print ]   [ Save As... ]   [ Export as FDF ]   [ Retrieve FDF File ]   [ Reset ]